UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

Ashley D. W.,[1]

          Plaintiff,

v.

Martin J. O'Malley,

          Defendant.

Case No. 24-cv-1596 (JFD)

**ORDER**

      This matter is before the Court on Defendant's Motion to Strike Plaintiff's Brief pursuant to 28 U.S.C. § 1654 and Federal Rule of Civil Procedure 11(a) (Dkt. No. 27). Plaintiff Ashley D. W. is representing herself in this matter. She is seeking judicial review of a final decision by the Defendant Commissioner of Social Security, which denied her social security disability benefits. The Brief filed in support of Plaintiff's request for relief was signed only by Plaintiff's mother, not by Plaintiff. (*See* Dkt. No. 23.) Defendant now moves to strike the Brief.

      Title 28 U.S.C. § 1654 provides that, in federal court, "the parties may plead and conduct their own cases *personally or by counsel* . . . " (emphasis added). In other words, Plaintiff must litigate her case personally or through an attorney. There is no indication that Plaintiff's mother is an attorney, and Plaintiff's mother may not "conduct" Plaintiff's case for her. An exception to this rule exists for minor children who are denied social security

---

[1] The District of Minnesota has adopted a policy of using only the first name and last initial of nongovernment parties in Social Security cases.

benefits, *Crozier for A.C. v. Westside Community School District*, 973 F.3d 882, 887 (8th Cir. 2020), but Plaintiff is not a minor. Nor does the Medical Power of Attorney form on file (Dkt. No. 19-1) empower Plaintiff's mother to litigate on Plaintiff's behalf, but even if it did, the rule against a non-attorney representing a party would apply even if the form were a general power of attorney. *See Smith v. Soc. Sec. Admin.*, No. 5:23-CV-05222-TLB-CDC, 2024 WL 459091, at *2 (W.D. Ark. Jan. 19, 2024), *R. & R. adopted*, 2024 WL 457148 (W.D. Ark. Feb. 6, 2024), *aff'd*, No. 24-1291, 2024 WL 3768499 (8th Cir. Mar. 29, 2024).

In addition, Rule 11(a) of the Federal Rules of Civil Procedure requires that "every pleading, written motion, and other paper . . . be signed by at least one attorney of record in the attorney's name--*or by a party personally if the party is unrepresented*." Fed. R. Civ. P. 11(a) (emphasis added). "The court must strike an unsigned paper unless the omission is promptly corrected after being called to the attorney's or party's attention." *Id.* Plaintiff did not personally sign the Brief filed at Docket No. 23.

The Court takes notice that, according to other filings in this case, Plaintiff has multiple sclerosis and several other physical and mental impairments. Nonetheless, it appears that Plaintiff is capable of submitting documents and signing her name. Most recently, Plaintiff signed a letter on May 7, 2024, which was docketed on May 23, 2024 (Dkt. No. 10).

Accordingly, the Court must strike the Brief filed on October 24, 2024 (Dkt. No. 23), but the Court will grant Plaintiff an extension of time to January 22, 2025 to file a Brief with Plaintiff's signature. By separate letter, the Court will also refer Plaintiff to the

Pro Se Project of the Minnesota Chapter of the Federal Bar Association for possible assistance by a volunteer lawyer. Defendant's Brief will be due 30 days after Plaintiff's Brief is filed, in accordance with Rule 7 of the Supplemental Rules for Social Security Actions Under 42 U.S.C. § 405(g).

Accordingly, **IT IS HEREBY ORDERED** that:

1. Defendant's Motion to Strike Plaintiff's Brief pursuant to 28 U.S.C. § 1654 and Federal Rule of Civil Procedure 11(a) (Dkt. No. 27) is **GRANTED**;

2. Plaintiff's Brief (Dkt. No. 23) is **STRICKEN**;

3. Plaintiff is granted an extension of time to **January 22, 2025** to file a Brief with Plaintiff's signature; and

4. By separate letter, the Court will refer Plaintiff to the Pro Se Project of the Minnesota Chapter of the Federal Bar Association for possible assistance by a volunteer lawyer.

Dated: November 22, 2024

*s/ John F. Docherty*
JOHN F. DOCHERTY
United States Magistrate Judge